IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PETE McCOTRY, JR.                                                                                           PLAINTIFF

v.                    Civil No. 5:22-cv-05145-PKH-MEF

SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas; and
DISTRICT JUDGE CHRIS M. GRIFFIN                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action brought by Plaintiff pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A(b). Pursuant to § 1915A(b), the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.  BACKGROUND

According to the allegations of the Complaint (ECF No. 1), Plaintiff was booked into the Benton County Detention Center ("BCDC") on February 5, 2022. *Id.* at 4. His bond hearing was held at the BCDC on February 6, 2022. *Id.* Plaintiff alleges Sheriff Holloway failed to provide him with an attorney for this proceeding. *Id.* at 4-5. As a result, Plaintiff appeared unrepresented. *Id.* Plaintiff maintains Sheriff Holloway had the duty to provide him with an

1

attorney prior to the bond hearing. *Id.* at 5.

Plaintiff alleges that Judge Griffin, who was at the BCDC, set his bond at $17,500. (ECF No. 1 at 6). Plaintiff believes his Sixth Amendment, Fourteenth Amendment, and due process rights were violated by Judge Griffin because he was unrepresented at this hearing. *Id.* at 6-7. Plaintiff refers to Rule 8.2 of the Rules of Criminal Procedure. *Id.*

As relief, Plaintiff seeks an award of compensatory damages. *Id.* He would also like a declaratory judgment stating that his constitutional rights were violated. *Id.*

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

No plausible claim is stated against Sheriff Holloway. Arkansas Rule of Criminal Procedure 8.2 makes clear that appointment of counsel is a judicial function.

"Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is overcome in only two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously,

3

or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted). Plaintiff's factual allegations against Judge Griffin concern actions taken in his judicial capacity. Thus, any claim against Judge Griffin for damages is barred.

### IV.   CONCLUSION

For these reasons, it is recommended that the case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and because Judge Griffin is immune from suit.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of August 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE